suit, for £23 6s. 5d. by verdict of a jury; on which the plaintiff took out an execution, which had been duly returned *non est inventus*, and said judgment and execution remained wholly unpaid and unsatisfied.

Plea in bar — That the defendant was attached in the aforesaid suit, and that he procured and caused to be given good and sufficient bond with surety of said state of Rhode Island, that he would appear and answer said suit, and abide the final judgment that should be rendered therein, and that the plaintiff had complete and adequate remedy against his said bondsmen in said state of Rhode Island, they being alive and abundantly able to satisfy said judgment, and who had ever stood ready to pay and satisfy the same in the good and lawful money of said state, and did tender £62 in payment of this and another judgment, which the plaintiff refused to accept, and said bail had offered to turn out estate to satisfy said execution.

The plaintiff replied, that the sum tendered by said bail, in payment of said execution, was paper money of said state. Demurrer.

Judgment — That the reply of the plaintiff is sufficient. The plaintiff has his election to take his remedy by *scire facias* against the bail in the state of Rhode Island, or to bring an action of debt upon the judgment against the defendant in this state.

## WHITLY v. BARKER.

Service upon a writ indorsed by an attorney, doth not conclude the party, without special authority.

WRIT OF ERROR against the judgment of the County Court, in a certain cause, in which Col. Cleaveland was attorney to said Barker who lived in this state; Cleaveland indorsed upon the writ of error, as attorney to Barker that he acknowledged said writ had been duly served, without any special authority from Barker to do it. Barker plead in abatement of the writ that it had never been served upon him, as the law required.

Kipple et al. v. Coleman.

Plea in abatement adjudged sufficient; the party is not concluded by the indorsement of the attorney in such case, without special authority.

### KIPPLE AND CALKINS V. COLEMAN.

If a writ is directed to a constable of one town to serve upon a defendant living in another — if he returns service in the town of which he is constable, it is good — one defendant cannot take advantage of a defect in service upon the other.

ERROR to reverse a judgment of a justice, in a *qui tam* prosecution for a breach of the peace, brought by Coleman against them; the writ was directed to either of the constables of the town of Lebanon in Windham county; Kipple was described of said Lebanon, Calkins was described to be of Bozrah in New London county.

The officer's return of service was — Lebanon, Windham county, August 29th A. D. 1791, I then for want of estate, arrested the body of the within Thomas Kipple, jr. read said writ in his hearing and have taken sufficient bonds for his appearance at court. O. Wattles, constable. And on the same 29th day of August for want of estate, I arrested the body of the within named Durkee Calkins, and have taken sufficient bonds for his appearance at court, etc. O. Wattles.

To which process the defendants plead in abatement, that said process had been no otherwise served on said Calkins, than by said Wattles, constable of Lebanon attaching his body and reading it in his hearing, which attaching and reading aforesaid was in said Bozrah and out of the official precincts of said constable.

The justice judged said plea to be insufficient; and upon the plea of not guilty the defendants were found guilty, and judgment for the plaintiff to recover £2 damages and cost.

Error assigned — That said justice ought to have judged said plea in abatement sufficient.

Judgment affirmed. The indorsement of service by the constable is in Lebanon, etc. where said Calkins might be and the presumption is that he was at the time of service: the plea